ELLEN RUSSELL ET AL., APPELLEES, V. MILES B. HAINES, APPELLANT.

FILED JUNE 26, 1911. No. 16,516.

Mechanics' Liens: Suit to Cancel: Evidence. In an action to cancel a record of the filing of a mechanic's lien for the construction of a building upon real estate, it was alleged that the lienor had been fully paid, and there was nothing due, and the lien cast a cloud on plaintiffs' title. In the answer the defendant claimed that the lien was valid, that the amount named in the statement for the lien was due, and sought a foreclosure thereof. The evidence is examined, the substance thereof is set out in the opinion, and it is *held* that it is not shown that the finding of the district court in favor of the plaintiffs is not sustained by the evidence.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Lafe Burnett,* for appellant.

*John M. Stewart* and *D. H. McClenahan, contra.*

REESE, C. J.

This action was instituted by plaintiffs for the purpose of removing an alleged cloud cast upon their title to real estate, described in the petition, by the filing of a statement for a mechanic's lien thereon in the office of the register of deeds of Lancaster county. It is alleged in the petition that plaintiffs and defendant had entered into a contract in August, 1907, by which defendant had agreed to furnish material and construct a dwelling-house and certain outbuildings for plaintiffs for the sum of $1,075; that the buildings were constructed, but defendant had failed to pay for the labor and material employed in their construction, and plaintiffs had been required to pay for the same to an amount exceeding the contract price by the sum of $144.73, and nothing remained due defendant thereon; that defendant had wrongfully filed his claim

in the mechanic's lien record of the county for the sum of $242, alleged to be due for 60½ days' labor at the price of $4 a day. The purpose of the action is as above indicated. Defendant answered, in effect admitting the making of the agreement, which was oral, to construct a dwelling-house, the same to be a duplicate of one being then constructed in the neighborhood, for the sum of $1,075; denying that any outbuildings were provided for in the contract; alleging that plaintiffs had rescinded the contract, changing it in many particulars, and required much more to be done than was provided for in the original agreement and at much greater cost. The alleged changes are set out in the answer, but they need not be here noticed. The filing of the mechanic's lien is admitted, and it is alleged that the sum of $207.97 is still due defendant, and for which he asks a foreclosure of the lien. The reply is a general denial of all allegations of the answer, except those which admit the averments of the petition. A trial was had to the district court, which resulted in a finding in favor of plaintiffs and a decree canceling the record of the mechanic's lien. Defendant appeals.

There is no question of law involved. The whole controversy is upon questions of fact. The evidence is in sharp conflict upon every material issue. If plaintiffs' version of the contract and transaction is the true one, the contract price has been overpaid, and the decree is correct. If defendant's contention is correct, the decree should have been in his favor. A careful reading of the bill of exceptions has not impressed us with the reliability of the testimony of the parties on either side of the controversy, yet we presume each told the truth as they understood the facts to be. The case presents a strong illustration of the folly of entering upon such undertakings without reducing the contract to writing.

It is conceded that an oral agreement was made by which defendant undertook to furnish the material and construct a duplicate of another dwelling-house, but that other building was not yet completed. It was not fully

inclosed, and therefore not painted. The cellar was not bricked up, nor were the outhouses, consisting of a coal-house and toilet, built. Defendant now claims that his contract did not include the cellar walls, the painting of the house, nor the construction of the outhouses. Some changes were made in the dwelling-house as the work progressed, but each party claims that all changes from the plan of the house adopted as the model were made upon the. will of the other; plaintiffs claiming that they were made without their consent, orders or agreement, while defendant insists they were made under the express commands of plaintiffs. The whole business was conducted in a slipshod, careless, and unsatisfactory manner. The method of payment pursued by the parties for material and labor renders it impossible for us to state the account between them, even if they could agree upon the contract, the cost of extras and changes. The husband of one of the plaintiffs was 94 years of age, and well-nigh deaf. He testifies in the most positive terms that he had nothing to do with the making of the contract, or in ordering changes, yet defendant testifies to conversations with him which contradict his statements.

Upon consideration of the whole case, we think that the judgment of the district court must be, and it is,

AFFIRMED.